IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Monty D. Murphy | ) | |
| 7506 Shawnee Lane #265 | ) | |
| West Chester, OH 45069 | ) | COMPLAINT FOR DAMAGES |
| | ) | |
| Plaintiff, | ) | CLAIM OF |
| | ) | UNCONSTITUITONALITY |
| v. | ) | |
| | ) | |
| United States of America | ) | |
| c/o Jeff Sessions | ) | |
| U.S. Attorney General | ) | Case No. |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001 | ) | |
| | ) | |
| Please also serve: | ) | |
| | ) | Judge: |
| Benjamin C. Glassman | ) | |
| United States Attorney for the | ) | |
| Southern District of Ohio | ) | |
| Cincinnati Branch Office | ) | |
| 221 East 4th Street, Suite 400 | ) | |
| Cincinnati, OH 45202 | ) | |
| | ) | |
| Defendant. | | |

COMES NOW, Monty D. Murphy, hereinafter "Plaintiff," and files the following complaint, directed to the United States of America as follows:

1

## I. INTRODUCTION

1. This is an action by Plaintiff pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346(b)(1) for money damages as compensation for personal injuries that were caused by negligent and wrongful acts and omissions of agents and/or employees of the United States Government while acting within the scope their employment, under circumstances where the Defendant, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Ohio.

## II. PARTIES

2. Plaintiff, Monty D. Murphy, is a resident of Butler County, Ohio, located in the Southern District of Ohio.

3. The Defendant is the United States of America.

## III. JURISDICTION AND VENUE.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346.

5. All or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Ohio, and arose from the negligent medical care received by Plaintiff.

6. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1402.

7. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

8. Plaintiff timely served notice of his claim on the U.S. Department of Veterans Affairs in August of 2015.

9. The Department of Veterans Affairs issued a final denial of the claim on September 7, 2016.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

11. At all times relevant to this Complaint, Defendant, acting through the Department of Veterans Affairs, owned and/or operated a hospital/medical system known as the Cincinnati VA Medical Center.

12. At all times relevant to this Complaint, various licensed physicians and/or technicians and/or employees were practicing within the course of their employment with Defendant, and administered medical care and treatment to Plaintiff at the Cincinnati VA Medical Center.

13. The Plaintiff is a veteran of the United States Air Force who received medical care and treatment at the Cincinnati VA Medical Center

14. The Plaintiff currently receives disability compensation for a service connected bilateral knee disability.

15. On or about November 18, 2013, the Plaintiff entered the Cincinnati VA Medical Center for a scheduled right knee replacement surgery.

16. Following this surgery, the Plaintiff experienced continuous problems with his right knee and leg.

17. Following surgery in November of 2013, the Plaintiff had a fever and an elevated white blood cell count.

18. Despite these indications of an infection, the Plaintiff was discharged by the Cincinnati VA Medical Center on or about November 22, 2013.

19. Following discharge, the Plaintiff continued to have a fever and his knee/leg was in extreme pain.

20. On or about November 25, 2013, the Plaintiff reported to the Cincinnati VA Medical Center Emergency Department with increasing right knee pain, fever, and a feeling of liquid sloshing around in his right knee.

21. On or about November 26, 2013, the Plaintiff had a swollen right knee, fever, and extreme pain.

22. The Plaintiff was again discharged by the Cincinnati VA Medical Center on or about November 27, 2015.

23. At the time of this discharge, the Cincinnati VA Medical Center again determined that there was no concern of any infection in the surgical site.

24. Following his discharge, the Plaintiff continued to have severe pain, fever, swelling, chills, numbness, and a feeling of liquid in the right knee.

25. On or about December 11, 2013, a home health care nurse referred the Plaintiff to an orthopedic consult due to concerns of infection in the right knee.

26. This orthopedic consult at the Cincinnati VA Medical Center again found no suspicion of infection in the knee.

27. On or about January 7, 2014, a physical therapy note described the Plaintiff as possibly having an infection in his right knee.

28. On or about January 7, 2014, the Veteran again reported fever, swelling, numbness, chills, and pain to the medical providers at the Cincinnati VA Medical Center.

29. Throughout January and February of 2014, the Plaintiff made repeated reports of swelling, pain, fever, chills, and a feeling of sloshing in his knee to numerous medical professionals at the Cincinnati VA Medical Center.

30. On or about March 11, 2014, an orthopedic note from the Cincinnati VA Medical Center described a warm swollen knee and the Plaintiff reported severe pain and fever.

31. Following inaction on the part of the Cincinnati VA Medical Center, the Plaintiff sought treatment from private medical providers and orthopedic specialists.

32. On or about March 27, 2014, the Plaintiff saw a private orthopedic specialist.

33. An aspiration of the right knee was performed by the private specialist on or about April 7, 2014 to determine whether there was an infection of the knee.

34. Following this procedure, the Plaintiff was ordered to receive antibiotic treatment to combat the infection.

35. On or about May 16, 2014, the private physician performed a right knee arthroplasty debridement on the Plaintiff and a total knee cement spacer was placed,

36. On or about July 8, 2014, a revision surgery was performed on the Plaintiff which included a further right knee arthroplasty.

37. The Plaintiff was terminated from his career and his further military service due to his knee condition.

38. The Plaintiff currently suffers pain and almost complete loss of functionality of his right knee and leg.

## V. CAUSES OF ACTION

### COUNT I

39. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

40. The Defendant operated the Cincinnati VA Medical Center by and through its agents, servants and employees and ostensible agents.

41. The Cincinnati VA Medical Center held itself out as a medical facility and hospital that employed physicians, technicians and employees that possessed the requisite degree of care, skill and knowledge to safely treat patients, including but not limited to Plaintiff.

42. The Defendant is vicariously responsible for the acts and/or omissions on the part of its employees and is ostensible responsible under the theory of agency by estoppel for any and all acts and/or omissions on the part

of any physician or other healthcare providers that provided care and services to Plaintiff at the Cincinnati VA Medical Center.

43. The treatment received by the Plaintiff at the Cincinnati VA Medical Center failed to comply with the accepted standards of medical care.

44. The employees and/or agents of the Defendant failed to comply with the accepted standards of care in one or more of the following respects:

    a. Failure to properly perform a right knee surgery on the Plaintiff.
    b. Failure to properly diagnose the Plaintiff with an infection following surgery.
    c. Failing to properly diagnose and timely treat an infection which the Plaintiff developed following surgery.

45. Due to this inadequate care the Plaintiff has suffered extensive damage, pain and suffering, permanent disability, loss of normal enjoyment of life, loss of employment, loss of income, and loss of future income.

46. An affidavit of merit from a medical professional will be submitted within 90 days of this filing and Plaintiff respectfully requests this time to submit an affidavit of merit in accordance with Ohio Civ. R. 10(D). A separate Motion for an Extension of Time to file the Affidavit of Merit is being filed contemporaneously with this Complaint.

47. Plaintiff further states that the caps on noneconomic damages found in R.C. § 2323.43 do not apply and, if found to apply, are unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this honorable court grants the following relief for the injuries suffered by Plaintiff:

1. Assume jurisdiction of this cause and find proper venue;

2. Find that the Defendant is liable to Plaintiff for damages in the amount of five million dollars ($5,000,000) plus costs, interest and any other relief recognized by the law of the State of Ohio and this Court.

Respectfully submitted,

/s/ Maxwell D. Kinman
Maxwell D. Kinman (0086725)
423 Reading Rd.
Mason, OH 45040
(513) 228-1100
(513) 228-1550 – Fax
Max@AWKLegal.com