UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONTY D. MURPHY
Plaintiff,

vs.

UNITED STATES OF AMERICA,
Defendant.

Case No. 1:17-cv-138
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Monty D. Murphy, a veteran proceeding pro se, brings this medical malpractice action against the United States of America under the Federal Torts Claim Act ("FTCA") in relation to alleged personal injuries sustained following a right knee replacement surgery at the Cincinnati VA Medical Center ("VA"). (Doc. 1). This matter is before the Court on defendant's motion for judgment on the pleadings, to which plaintiff has not filed a response in opposition. (Doc. 18).

**I. Allegations in the Complaint**

Plaintiff is a United States Air Force veteran who received medical care and treatment at the VA. (Complaint, Doc. 1 at ¶ 13). On or about November 18, 2018, plaintiff went to the VA for a scheduled right knee replacement surgery. (*Id.* at ¶ 15). Following the surgery, plaintiff alleges that he experienced problems with his right knee and leg, along with a fever and elevated white blood cell count. (*Id.* at ¶¶ 16-17). Despite these problems, he was discharged from the VA on or about November 22, 2013. (*Id.* at ¶ 18). Plaintiff alleges that his fever and knee and leg pain persisted after his discharge. (*Id.* at ¶ 19).

On or about November 25, 2013, plaintiff visited the VA Emergency Department with increasing right knee pain, fever, and a feeling of liquid sloshing around in his right knee. (*Id.* at ¶ 20). Plaintiff was discharged by the VA two days later despite having a swollen right knee and

fever. (*Id.* at ¶¶ 22-23). VA staff determined that there was no concern of an infection in the surgical site. (*Id.* at ¶ 23). After the discharge, plaintiff continued to have severe pain, fever, swelling, chills, numbness, and a feeling of liquid in the right knee. (*Id.* at ¶ 24). Thereafter, plaintiff underwent an orthopedic consult at the VA, where doctors found no suspicion of infection in the knee. (*Id.* at ¶ 26). Throughout January and February 2014, plaintiff continued to report swelling, pain, fever chills, and a feeling of sloshing in his right knee to VA medical professionals. (*Id.* at ¶¶ 28-29).

On or about March 27, 2014, plaintiff visited a private orthopedic specialist, who performed an aspiration of the right knee a few weeks later. (*Id.* at ¶¶ 32-33). Following this procedure, plaintiff received antibiotic treatment to combat an infection located in his knee. (*Id.* ¶ 34). On or about May 16, 2014, the private orthopedic specialist performed a right knee arthroplasty debridement and placed a total knee cement spacer in plaintiff's knee. (*Id.* ¶ 35). On or about July 8, 2014, plaintiff had another right knee arthroplasty surgery. (*Id.* ¶ 36). Plaintiff alleges that he currently suffers from pain and an almost complete loss of the functionality of his right knee and leg. (*Id.* ¶ 38). As a result, plaintiff alleges he was terminated from his career and further military service. (*Id.* ¶ 37).

## II. Rule 12(c) Standard

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510

F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. Resolution

Defendant argues that plaintiff's failure to comply with Rule 10(D)(2) of the Ohio Rules of Civil Procedure, which provides that complaints containing medical claims must be accompanied by an affidavit of merit, requires dismissal of plaintiff's lawsuit. (Doc. 18 at 4). Defendant maintains that this requirement applies to medical malpractice actions against the United States brought under the FTCA. (*Id.*). Defendant also contends that plaintiff has failed to identify an expert that has, or can, offer expert testimony on his behalf regarding the applicable standard of care, causation, or whether there was a breach of the standard of care. (*Id.* at 4-5).

Plaintiff's claim of medical malpractice is brought under the FTCA, which "does not create liability, [but] merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" *Davis*, 302 F. Supp.3d at 955 (quoting *Mason v. United States*, No. 2:14-cv-853, 2016 WL 1594577, at *1 (S.D. Ohio Apr. 21, 2016) (internal citations omitted)). Thus, "liability on the part of the federal government under the [FTCA] is determined in accordance with the law of the state where the event giving rise to liability occurred." *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995). Federal courts are to apply state substantive law and federal procedural law when determining issues of state law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). State laws giving rise to "'state-created rights and obligations' or [are] otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required[,]'" are considered substantive laws. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir. 2008) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535 (1958)).

Ohio law requires that medical malpractice claims must be accompanied by an affidavit of merit from an expert witness. Ohio R. Civ. P. 10(D)(2)(a). The requisite affidavit must contain:

> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
> (ii) A statement that the affiant is familiar with the applicable standard of care;
>
> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

*Id.* "[T]he purpose of the affidavit of merit is to establish the adequacy of the complaint and thus deter the filing of frivolous medical-malpractice claims." *Davis v. United States*, 302 F. Supp.3d 951, 956 (S.D. Ohio 2017) (quoting *Troyer v. Janis*, 971 N.E.2d 862 ¶ 7 (Ohio 2012)).

4

It is well-established in this District that the affidavit of merit requirement is state substantive law. *Davis*, 302 F. Supp.3d at 956 (citing *Willis v. U.S. Dep't of Veteran's Affairs*, No. 2:12-cv-867, 2013 WL 3155785, at *3 (S.D. Ohio June 20, 2013)).

Plaintiff has not provided an affidavit of merit in support of his FTCA medical malpractice claim. In his complaint filed on March 3, 2017, plaintiff acknowledged the affidavit of merit requirement and the Court subsequently granted plaintiff an extension of time to file an affidavit of merit until June 1, 2017. (Docs. 1, 8). During a March 1, 2018 telephone scheduling conference, when plaintiff began to proceed pro se, plaintiff also acknowledged the affidavit of merit requirement. Thereafter, the Court entered a calendar order and set a May 1, 2018 deadline for plaintiff to file an affidavit of merit. (Doc. 17). To date, plaintiff has failed to file an affidavit of merit in this case, despite being given two extensions and well over a year since the filing of the complaint to submit one. Plaintiff's failure to comply with the Ohio state law requirement of filing an affidavit of merit warrants dismissal of his complaint. *See Flonery v. United States*, No. 4:17-cv-1068, 2018 WL 3537139, at *3 (N.D. Ohio July 23, 2018) (failure to attach an affidavit results in dismissal) (quoting *Bierbauer v. Manenti*, No. 4:09-cv-2142, 2010 WL 4008835, at *10 (N.D. Ohio Oct. 12, 2010)); *Kennedy v. U.S. Veterans Admin.*, No. 2:11-cv-150, 2013 WL 5524686, at *4 (S.D. Ohio Oct. 4, 2013) (failure to file an affidavit of merit and comply with Ohio Rule 10(D)(2)(a) results in dismissal without prejudice); *Engle v. UHaul*, No. 3:16-cv-27, 2016 WL 740327, at *2 (S.D. Ohio Feb. 25, 2016) (dismissing plaintiff's medical malpractice claim without prejudice for failure to comply with Ohio's substantive affidavit of merit requirement), *adopted*, 2016 WL 1070858, at *1 (S.D. Ohio Mar. 16, 2016).

### IV. Conclusion

Based on the foregoing reasons, it is **RECOMMENDED** that defendant's motion for

judgment on the pleadings (Doc. 18) be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

Date: 10/19/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONTY D. MURPHY,
Plaintiff,

vs.

UNITED STATES OF AMERICA,
Defendant.

Case No: 1:17-cv-138
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).